UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| YOLANDA K. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-88 |
| | ) | |
| GABRIEL FURNISH, BRIAN M. JARBOE, | ) | |
| BROCK WILLIAMS, ROBERT HEADFORD, | ) | |
| DEAN HOFFMAN, MICHAEL NEUMANN, | ) | |
| DERRICK WINDOM, MARK ALLEN REED, | ) | |
| SCOTT BORTON, "JOHN DOES/JANE DOES" | ) | |
| (unidentified Allen County officers and Fort | ) | |
| Wayne City officers sued in their individual | ) | |
| capacities), the CITY OF FORT WAYNE, and | ) | |
| the ALLEN COUNTY SHERIFF (sued in their | ) | |
| official capacities), | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

### **I. INTRODUCTION**

On April 20, 2012, Powell moved for leave to amend her original Complaint, filed over a year before on March 11, 2011. (Docket # 49). In the motion, Powell seeks to (1) add the names of the Fort Wayne Police Department ("FWPD") officers who were involved in the searches of her home; (2) drop Allen County Sheriff's Department ("ACSD") Officers Gabriel Furnish, Brian Jarboe, Brock Williams, Robert Headford, and Dean Hoffman as defendants; and (3) drop the Allen County Sheriff as a defendant. (Pl.'s Mot. for Leave to Amend Compl. ("Mot. to Amend") ¶¶ 4-5.) The ACSD officers—some of whom would be dropped—and the Allen County Sheriff do not oppose Powell's motion, but the City of Fort Wayne argues that the motion should be denied as coming too late, especially since Powell has failed to show good

1

cause to modify the Court's scheduling order, which set a September 14, 2011, deadline for pleading amendments. (*See* Docket # 56.) For the following reasons, Powell's motion to amend will be DENIED.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2011, the parties submitted their Report of the Parties' Planning Meeting, which set a mutually agreed upon deadline of September 14, 2011, for Powell to seek leave to join additional parties and amend the pleadings. (Docket # 30 at 3.) This report was made an order of the Court on June 14, 2011. (Docket # 31.) On July 7, 2011, the Court fixed a dispositive motion deadline of March 5, 2012, and set the case for a three-day jury trial beginning on September 11, 2012. (Docket # 33, 34.)

It is essentially undisputed that, on five separate occasions—the earliest more than a year ago—the City provided Powell with the names of the FWPD officers present at the searches of her home. (*See* City of Fort Wayne's Mem. in Opp. to Pl.'s Mot. for Leave to File Am. Compl. ("City's Mem. in Opp.") 6.) Indeed, the earliest disclosure occurred when the FWPD police reports were sent to Powell's counsel on May 25, 2011, and presumably so Powell could amend her Complaint before the initial scheduling conference. (City's Mem. in Opp. 6.) These same names were then produced again in the City's initial disclosures on June 27, 2011, its first interrogatory answers on July 21, 2011, its Second Set of Answers to Interrogatories on January 13, 2012, and finally when replacement copies of these Interrogatory Answers were sent to counsel at their request again on April 3, 2012. (City's Mem. in Opp. 6-7.)

---

[1] Contemporaneously with this Opinion and Order, the Court is also issuing an Opinion and Order granting the respective Motions for Summary Judgment filed by the City of Fort Wayne (Docket # 43) and the Allen County Sheriff and ACSD officers (Docket # 40).

Only after discovery closed on February 6, 2012 (*see* Docket # 31) and after the City moved for summary judgment on March 26, 2012 (Docket # 43), did Powell finally file a motion to amend on April 20, 2012 (Docket # 49), seeking to add more individual defendants, some seven months after the pleading deadline.

### III.  STANDARD ON A MOTION TO AMEND

Under Federal Rule of Civil Procedure 15, a party may amend her pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier.  FED. R. CIV. P. 15(a)(1).  Otherwise, a plaintiff may amend only by leave of the court or by written consent of the adverse party.  FED. R. CIV. P. 15(a)(2).  Leave to amend is freely given when justice so requires.  FED. R. CIV. P. 15(a)(2).  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

At the same time, the requirements of Rule 15 must be read in conjunction with the requirements of Federal Rule of Civil Procedure 16 because once the district court has filed a pretrial scheduling order pursuant to Rule 16 that establishes a time table for amending pleadings that rule's standards control.  *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995) (quoting same); *see Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994,

at *3 (N.D. Ill. Oct. 30, 2002). Rule 16(b) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions," FED. R. CIV. P. 16(b)(3)(A), and provides that "[a] schedule may be modified only for good cause and with the judge's consent," FED. R. CIV. P. 16(b)(4).

Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571; *see Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Tschantz*, 160 F.R.D. at 571 (quoting *Johnson*, 975 F.2d at 609). Rather, "the good cause standard focuses on the diligence of the party seeking the amendment." *BKCAP, LLC*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571); *see Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571).

While Rule 16(b) addresses the specific deadline for joining parties or amending the pleadings, Federal Rule of Civil Procedure 6(b) provides a more general standard for extension of most deadlines, whether specified in the Rules or set by court order. *Higdon v. Wells Cnty. Sheriff's Dep't*, No. 1:04 CV 00064, 2005 WL 2365244, at *3 (N.D. Ind. May 2, 2005). Under Rule 6(b)(1), "[a] motion filed before the deadline may be granted 'for good cause'[;] a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010)

4

(quoting FED. R. CIV. P. 6(b)(1)(A)-(B)). Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394). In determining whether excusable neglect exists, the Court takes "account of all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395).

## IV. DISCUSSION

Here, as Powell admits, she knew the identities of the FWPD officers involved in the searches of her home by July 21, 2011—almost two months before the deadline to amend—when provided with the City's interrogatory responses, yet did not seek to amend her Complaint for another nine months and over seven months after the deadline. The only explanation offered for such a lengthy delay is that "[w]hile preparing the Plaintiff's Responses to Motions for Summary Judgment filed by the Allen County Defendants and the City of Fort Wayne, Plaintiff's counsel realized that Plaintiff's Complaint had not yet been amended to include the Fort Wayne Police Officers who were named in the Defendants' discovery responses as having performed [the unconsented to] searches . . . ." (Mot. to Amend ¶ 5.)

Although Powell argues that the parties would not be prejudiced because the names of

5

the officers she seeks to add were already disclosed on July 21, 2011, and the trial is still some months off (Mot. to Amend ¶ 6), she makes no attempt to show good cause for filing her motion to amend seven months after the deadline, an omission that dooms her motion. *LeVake v. Zawistowski*, No. 02-C-0657-C, 2003 WL 23170803, at *1 (W.D. Wis. Aug. 15, 2003) (stating, when a motion to amend was over four months late, that "[b]ecause the requested amendment was so untimely and plaintiffs failed to make any good cause argument in their brief, plaintiffs' motion should have been denied outright without requesting further briefing from defendant"). The mere fact that the Defendants were aware of the identities of the FWPD officers involved in the searches does not satisfy Powell's burden of showing good cause—or diligence—for such a lengthy delay. *See Tschantz*, 160 F.R.D. at 572 ("The fact that the Defendants arguably suffered no prejudice cannot be used to show 'good cause.'" (citation omitted)).

Moreover, "[a] motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings." *Bank of Am. NA v. Home Lumber Co. LLC*, No. 2:10 cv 170, 2011 WL 5040723, at *2 (N.D. Ind. Oct. 24, 2011) (citations omitted). In the instant case, discovery is closed, the trial is set to begin in less than four months, the dispositive motions deadline has passed, and dispositive motions have been filed—indeed, the City says that in moving for summary judgment, it relied on Powell's failure to amend her Complaint to add the FWPD officers—all of which further suggests the motion should be denied. *See Curtis v. TransCor America, LLC*, No. 10 C 4570, 2012 WL 1080116, at *3 (N.D. Ill. Mar. 29, 2012) (denying motion to amend that was filed eight months after the amendment deadline and one month after the discovery and dispositive motions deadline); *Eller v. Gary Cmty. Sch. Corp.*, No. 2:08-CV-307-PRC, 2011 WL 1303388, at *2 (N.D. Ind. Apr. 1, 2011) (denying a motion to

6

amend as untimely when it was filed over two months after the close of discovery and on the deadline for filing dispositive motions); *see also Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995) (collecting cases in which motions for leave to amend filed after discovery was completed and after defendants moved for summary judgment were denied as unduly delayed and prejudicial). Additionally, the statute of limitations has not run on Powell's claim, potentially enabling her to file a new lawsuit against the FWPD officers if she chooses.

Overall, Powell's apparent lack of diligence is a prime example of "the kind of case management that Rule 16 is designed to eliminate." *Tschantz*, 160 F.R.D. at 572 (quoting *Johnson*, 975 F.2d at 610). By Powell's own account, she knew in July, two months *before* the amendment deadline, the identities of the FWPD officers who searched her home, but failed to seek an amendment to add them until seven months *after* the amendment deadline, two months after discovery closed, and a month after the dispositive motion deadline, all because her counsel *did not realize* that they had not previously filed such a motion. (Mot. to Am. ¶ 5.) Based on these facts, Powell cannot show good cause. *Carroll v. Strkyer Corp.*, 658 F.3d 675, 684 (7th Cir. 2011) (affirming denial of leave to amend complaint when it was sought more than seven months after the deadline for doing so, less than a month before discovery was to close, and eleven days after the defendant had filed its reply to the plaintiff's opposition to its motion for summary judgment); *Curtis*, 2012 WL 1080116, at *3 (denying a motion to amend based on the plaintiff's lack of diligence when the motion was filed eight months after the deadline and one month after the discovery and dispositive motion deadlines and the plaintiff had the information needed to amend his complaint well before he actually filed his motion); *Tschantz*, 160 F.R.D. at 571-72 (finding a lack of good cause to amend complaint and denying motion when attorney

7

learned in open court three weeks before deadline that wrong defendants had been sued and failed to pay attention to the discovery that he received and then ignored or overlooked a deadline he had virtually set for himself).

And, finally, under Rule 6(b)(1)(B)—which governs an extension of time once a deadline has passed—Powell cannot establish excusable neglect for missing the pleading deadline by seven months. The factors relevant to this determination are the danger of prejudice to the City as the nonmoving party; the length of the delay and its potential impact on the proceedings; the reason for the delay, including whether it was within Powell's reasonable control; and whether Powell acted in good faith. *Commodity Futures Trading Comm'n*, 646 F.3d at 404-05. As noted above, because the City filed its motion for summary judgment before Powell moved to amend—and in reliance on the fact that she had not previously amended her Complaint—the City would obviously be prejudiced if Powell was now permitted to amend her Complaint. Moreover, the delay here was lengthy—the motion came seven months after the deadline—and, as previously recounted, the reason for the delay was within Powell's reasonable control. Although Powell appears to have acted in good faith, the other factors lead to a determination that excusable neglect does not exist.

## V. CONCLUSION

For the foregoing reasons, Powell's Motion for Leave to Amend Complaint (Docket # 49) is DENIED.

SO ORDERED.

Entered this 12th day of June, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge